UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICK ECKER,

        Plaintiff,

v.                                                  Case No. 07-C-0371

WISCONSIN CENTRAL LTD,

        Defendant.

**ORDER DENYING MOTION FOR CHANGE OF VENUE**

      On April 23, 2007, Plaintiff Patrick Ecker filed this action against his employer, Defendant Wisconsin Central LTD ("WCL") under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51 *et seq*. Ecker claims he was injured while working as a locomotive conductor in the WCL rail yard in Wausau, Wisconsin on June 21, 2005. On June 8, 2007, WCL filed its answer and also a motion to transfer the case to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a). WCL argued that the transfer was appropriate because the action had allegedly occurred in Wausau, Wisconsin, which is located in the Western District, and further, that most of the witnesses likely to be called in trial were closer to Madison than Milwaukee. In response to WCL's motion, Ecker requested that the case remain in the Eastern District but be reassigned to the Green Bay Division, noting that the case was originally mistakenly assigned to Milwaukee in the first place. In light of the fact that the case was improperly assigned in the first place and noting that this court would be in a better position to assess the competing interests on the merits of WCL's motion to transfer venue, Judge Stadtmueller directed the clerk to reassign the case to this court. Now, having considered the motion to transfer venue as the case now stands, I conclude that it should be denied.

A transfer is appropriate under 28 U.S.C. § 1404(a) where the moving party demonstrates: (1) Venue is proper in both transferor and the transferee courts; (2) Transfer is for the convenience of the parties and witness; and (3) Transfer is in the interest of justice. *Coffey v. VanDorn Ironworks*, 796 F.2d 217, 219 (7th Cir. 1986). The burden is on the party seeking the transfer to show that the "transferee forum is clearly more convenient" than the transferor forum. *Heller Financial, Inc., v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

Here, neither party disputes that venue is proper in both the Eastern and Western Districts of Wisconsin. *See* 45 U.S.C. § 56 (any action under this chapter may be brought "in the district of the residence of the defendant or in which the cause of action arose or in which the defendant shall be doing business at the time of commencing such action.") Therefore, the analysis in this case focuses on whether the transfer will serve the convenience of the parties and the witnesses, and the interests of justice.

WCL's argument that the convenience of the parties and witnesses would be furthered by transferring the case to the Western District of Wisconsin has been severely undermined by the transfer of the case to this division. Green Bay is closer than both Milwaukee and Madison to Wausau and the surrounding communities where the parties and the witnesses reside. Even aside from the transfer to the Green Bay division, it seems a somewhat passé notion that the location of a particular courthouse should be afforded such trenchant significance. While both sides (as well as this court) have considered the relative distances between the various locales and persons at issue here, the advent of modern motion practice and electronic filing makes it the rare day that civil litigants appear in court personally. While these technological advances have not rendered § 1404 wholly obsolete, they certainly render transfer less likely when differences between competing intrastate venues are all but insignificant. In any event, especially in light of the transfer to this

2

court, WCL is unable to show that a transfer to the Western District would be more convenient for either the parties or witnesses.

In evaluating the third factor, the interests of justice, the court considers the relation to the community of the issue in the litigation, the court's familiarity with the applicable law, and the relative docket congestion of the courts. *Coffey v. VanDorn Ironworks*, 796 F.2d 217, 220-221. In evaluating this factor under the circumstances of this case, I find no benefit to a transfer to the Western District. Both courts are familiar with the applicable law involved and neither court is over-burdened by a docket which will prevent this case from proceeding to trial as quickly as the parties believe they are prepared. While it is true that cases generally move much faster in the Western District than the Eastern District, the difference is more a product of the different styles of the presiding judges in the two districts and their willingness to allow the parties to control the pace of the cases than it is to the respective case loads. This court could place this matter on its trial calendar within 120 days if the parties indicated they would be ready to proceed at that time. Finally, given the fact that the accident occurred in an area closer to Green Bay than to Madison, the relation of the community to the issue in litigation is not relevant.

Based upon the foregoing, I conclude that WCL has failed to meet its burden and to show that a transfer is appropriate under § 1404(a). Its motion is therefore denied and the clerk is instructed to set this matter on the court's calendar for a telephone scheduling conference pursuant to Rule 16.

Dated this   7th   day of August, 2007.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge