UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICK ECKER,

        Plaintiff,

  v.                                            Case No. 07-C-371

WISCONSIN CENTRAL LTD,

        Defendant.

**ORDER**

The defendant has filed a motion to compel the record keeper of plaintiff's law firm to provide documents showing the amount of money the law firm has paid to each of the experts named in this case over the last four years, as well as the names of those cases. Defendant states that it has attempted to uncover this information through more typical means – including asking the experts themselves – but has come up short.

The motivation behind the motion is defendant's counsel's belief that one or more of the experts in this case derives a significant amount of income from plaintiff's law firm. Such information could be quite probative of the expert's potential bias, and defendant's desire for the information is thus understandable. I begin by noting that the Court has no desire to make it a common practice for a law firm's records to be subpoenaed. Nevertheless, the context of this case is unusual in that the defendant and its counsel, through experience, likely has more than a casual "hunch" that one or more of the experts could in fact derive a substantial amount of income from plaintiff's firm. The context of the case is also different in that plaintiff's law firm has been

sanctioned by the Seventh Circuit for discovery abuses relating to their retention of experts and possible expert bias. *See Wade v. Soo Line R.R. Corp*., 500 F.3d 559 (7th Cir. 2007). This latter fact is not dispositive of the present motion, but it does suggest that the defendant's concerns about the plaintiff's experts are legitimate and that it is not undertaking a fishing expedition for purposes of harassment.

In addition, I am satisfied that the defendant's request does not offend traditional principles governing the role of an attorney and the confidences he may be expected to keep. The defendant, after all, has not requested that plaintiff's counsel testify and personally become a witness; it is merely asking for basic accounting information about counsel's firm's payments to the named witnesses. *Cf. Shelton v. American Motors Corp.,* 805 F.2d 1323 (8th Cir. 1986). There is no infringement of work product doctrine or attorney-client privilege. Finally, the defendant has shown that such information is readily available and that producing it would not constitute an undue burden on plaintiff's law firm. Accordingly, the motion to compel a response to the defendant's subpoena is **GRANTED**.

**SO ORDERED** this   9th   day of July, 2008.

                                                    s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge